UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LATREASE BENFORD,

    Plaintiffs,

v.                            Case No. 8:24-cv-1284-TPB-AEP

FERMAN CHEVROLET AND
MAZDA OF TAMPA,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

This cause comes before the Court upon Plaintiff Latrease Benford's Motion to Proceed *in forma pauperis*. (Doc. 4). Plaintiff, proceeding *pro se*, initiated this action against Defendants Ferman Chevrolet and Mazda of Tampa. For the foregoing reasons, it is recommended Plaintiff's motion be denied without prejudice.

### I.    Background

On May 28, 2024, Plaintiff filed her first Complaint asserting that Defendants had not "acted in good faith, result[ing] in [Plaintiff's] injuries." (Doc. 1, at 4). Notably, Plaintiff's Complaint contained no further information concerning the circumstances giving rise to her claim. Because it was facially insufficient and largely inadequate, the Complaint was dismissed *sua sponte* without prejudice, with leave to amend. (Doc. 2).

On June 24, 2024, Plaintiff filed her Amended Complaint with some, but overall insignificant, changes. Plaintiff now asserts that Defendants engaged in "clogging of inalienable equitable rights by way of non-performance, holding of securities." (Doc. 3). In addition, Plaintiff seeks injunctive relief from the Court "to attain and deliver property" back to her, as well as $386,000. (Doc. 3). However, Plaintiff does not explain what property is at issue or assert any specific details concerning Defendants' alleged "non-performance."

**II.     Legal Standard**

The clerk of each district court shall require the parties instituting any civil action, suit, or proceeding in such court to pay a filing fee. 28 U.S.C. § 1914(a). However, a court may, upon a finding of indigency, authorize the commencement of an action without requiring the prepayment of fees or security. 28 U.S.C. § 1915(a)(1). When an application to proceed *in forma pauperis* is filed, the court must review the case and dismiss it *sua sponte* if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). District courts maintain broad discretion in determining whether to grant or deny an application to proceed *in forma pauperis. See Pace v. Evans*, 709 F.2d 1428, 1429 (11th Cir. 1983) (per curiam).

An action is frivolous where the allegations lack an arguable basis either in law or fact. *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (citations omitted). Accordingly, where the court determines from the face of the complaint that the factual allegations are clearly baseless or the legal theories are without merit, the court may

dismiss the complaint before service of process. *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (per curiam) (citations omitted).

Further, to state a claim, a pleading must contain a short and plain statement of the grounds for the court's jurisdiction; a short and plain statement of the claim showing the pleader is entitled to relief, and a demand for the relief sought. Fed. R. Civ. P. 8(a)(1)-(3). Failure to state a claim is governed by the same standard as dismissal under Rule 12(b)(6), Federal Rules of Civil Procedure. *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997); *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008) (citation omitted). Dismissal for failure to state a claim is appropriate if the facts, as pleaded, fail to state a claim for relief that is "plausible on its face." *Aschcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

A "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations omitted); *see also Jackson v. BellSouth Telecomms.*, 372 F.3d 1250, 1262 (11th Cir. 2004) (explaining that "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal") (internal citation and quotations omitted). Moreover, federal courts are courts of limited jurisdiction and, thus, have an obligation to inquire into their subject matter jurisdiction sua sponte whenever it may be lacking. *Kirkland v. Midland Mortg. Co.*, 243 F.3d 1277, 1279–80 (11th Cir. 2001); *See Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999) ("[I]t is well settled that a federal court is obligated

to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking."). Specifically, federal district courts will have original jurisdiction over cases in which the amount in controversy exceeds $75,000, and the case is between citizens of different states or citizens of the United States and citizens of a foreign state. 28 U.S.C. § 1332.

In reviewing a complaint, courts hold pro se pleadings to a less stringent standard and therefore construe the complaint more liberally.[1] *Tannenbaum v. U.S.*, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam) ("Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed.").

### III. Discussion

In her Complaint, Plaintiff has failed to allege facts sufficient to show that she can assert a viable federal claim. Simply put, Plaintiff's Complaint lacks factual allegations that provide the Court with enough information to determine what she is claiming. The entirety of Plaintiff's claim rests on the conclusory allegation that her "inalienable rights" were injured by the "non-performance/default" of Defendants. (Doc. 3). As can best be understood by this Court, Plaintiff may be attempting to assert a breach of contract action against Defendants. However, Plaintiff has failed to allege facts sufficient to support this assertion and her accompanying damages demand; her

---

[1] Although courts afford liberal construction to pro se litigants' pleadings, litigants appearing pro se in this District must adhere to the procedural requirements of the Federal Rules of Civil Procedure as well as the Local Rules for the Middle District of Florida. *McNeil v. U.S.*, 508 U.S. 106, 113 (1993).

singular conclusory statement is the extent of her claim. Furthermore, Plaintiff has failed to attribute specific actions to each Defendant and instead has grouped them together in asserting her claim. This is not proper. Plaintiff must separate out her causes of action for each Defendant and allege specific facts to support same. *See Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1323 (11th Cir. 2015) (finding the "rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions" to be an improper shot gun pleading). Finally, though Plaintiff has alleged jurisdiction pursuant to 28 U.S.C. § 1332, Plaintiff's domicile is ambiguous. Plaintiff provides a Florida address and phone number but claims to be a Maryland resident. (Doc. 3, at 3). If Plaintiff is domiciled in Florida, the Court may not have original jurisdiction over this claim without proving that the two parties are diverse.

Moreover, even if Plaintiff's Complaint was sufficient to establish a viable federal claim, she has still failed to establish indigent status entitling her to a waiving of the filing fee. In connection with her Amended Complaint, Plaintiff filed an Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form) which the Court construes as a request to proceed *in forma pauperis*. However, Plaintiff declined to answer any question concerning her finances. (*See* Doc. 4). Specifically, based on Plaintiff's submission, this Court has no knowledge as to Plaintiff's employment history, sources of income, assets, dependents, or liabilities. Without such knowledge, the Court cannot make a determination as to Plaintiff's indigent status.

5

Accordingly, it is hereby

RECOMMENDED:

1. Plaintiff's Motion to Proceed *in forma pauperis* (Doc. 4) be DENIED.

2. Plaintiff Plaintiff's Amended Complaint (Doc. 3) be DISMISSED WITH PREJUDICE.

3. The Clerk be directed to close the case.

IT IS SO REPORTED in Tampa, Florida, on this 21st day of August 2024.

_____
ANTHONY E. PORCELLI
United States Magistrate Judge

## **NOTICE TO PARTIES**

A party has fourteen days from the date they are served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1)(C). A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1). **Should the parties wish to expedite the resolution of this matter, they may promptly file a joint notice of no objection.**

cc: Hon. Thomas P. Barber
    Counsel of Record